1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARTHUR TORLUCCI,                          No.  2:14-cv-1554 DAD P

12                    Plaintiff,

13        v.                                   ORDER

14   DR. HAMKAR et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                  1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2  1915(b)(2).

3  **SCREENING REQUIREMENT**

4      The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
6  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
7  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
9  U.S.C. § 1915A(b)(1) & (2).

10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21  However, in order to survive dismissal for failure to state a claim a complaint must contain more
22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
28  /////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified Dr. Hamkar as well as six other prison officials and medical personnel as the defendants in this action. Plaintiff's complaint is difficult to read and decipher. It appears that plaintiff is complaining that while he was housed at Kern Valley State Prison he had an appointment to see a cardiologist for his aortic aneurysm. According to plaintiff, prison officials subsequently transferred him to CSP-Sacramento, but he still has not seen a cardiologist despite his requests to prison medical personnel. (Compl. at 4-5 & Attachs.)

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The

3

1   complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

2   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

3   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

4   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

5   with at least some degree of particularity overt acts which defendants engaged in that support his

6   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

7   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended

8   complaint.

9       If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how

10   the conditions complained of resulted in a deprivation of his federal constitutional or statutory

11   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in

12   specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

13   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

14   connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May

15   v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory

16   allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at

17   268.

18       It appears from the allegations of plaintiff's complaint that he is dissatisfied with the

19   medical care he has received in connection with his aortic aneurysm while incarcerated.

20   However, the Supreme Court has held that inadequate medical care does not constitute cruel and

21   unusual punishment cognizable under § 1983 unless the mistreatment rises to the level of

22   "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

23   In general, deliberate indifference may be shown when prison officials deny, delay, or

24   intentionally interfere with medical treatment, or may be shown by the way in which prison

25   officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.

26   1988).

27       In any amended complaint plaintiff elects to file, he will need to allege facts

28   demonstrating how each defendant's actions rose to the level of "deliberate indifference."

4

1   Plaintiff is advised that mere differences of opinion between a prisoner and prison medical staff

2   or between medical professionals as to the proper course of treatment for a medical condition do

3   not give rise to a § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th

4   Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d

5   240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition,

6   before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

7   medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

8   will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.

9   1980) (citing Estelle, 429 U.S. at 105-06).  See also Wood v. Housewright, 900 F.2d 1332, 1334

10  (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and

11  look for substantial indifference in the individual case, indicating more than mere negligence or

12  isolated occurrences of neglect.").

13          Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

14  at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care,

15  however, a plaintiff must allege facts showing that the delay was harmful.  See Berry v. Bunnell,

16  39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt

17  v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison

18  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm

19  was substantial; however, such would provide additional support for the inmate's claim that the

20  defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

21  2006).  See also McGuckin, 974 F.2d at 1060.

22          Plaintiff is informed that the court cannot refer to a prior pleading in order to make

23  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

24  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

25  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

26  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

27  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

28  and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

 Dated:  September 26, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
torl1554.14a

6