# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TORLUCCI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. HAMKAR, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-1554 MCE DB P<br><br><br>ORDER |

Plaintiff, a state prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 on July 1, 2014. The magistrate judge then assigned to the case dismissed the action finding plaintiff failed to state a claim and further amendment would be futile. (ECF No. 11.) The findings and recommendations were adopted by the district judge and judgment was entered on November 17, 2015. (ECF Nos. 14, 15.) Plaintiff did not file an appeal.

Plaintiff has now filed a motion to reopen this action. (ECF No. 17.) It appears plaintiff believes this case should be reopened because he has returned to the facility where the allegations giving rise to his claims in this action occurred. However, the fact that plaintiff has returned to the same facility where he alleged his rights were violated does not entitle him to reopen a case previously dismissed for failure to state a claim. In light of the fact that plaintiff's case was dismissed nearly two years ago, the better remedy is for plaintiff to file a new §1983 action based on the present conditions.

Plaintiff argues the court should reopen the case "under Circuit Rule 22-5. Subsequent petitions or motions; related civil proceedings." It appears plaintiff is referring to Federal Rule of

Appellate Procedure, Ninth Circuit Rule 22-5, which was abrogated on December 12, 2009. Accordingly, plaintiff is not entitled to relief based on rule 22-5.

Plaintiff is also not entitled to relief under Federal Rule of Civil Procedure 60(b), which provides relief from a final judgment. A motion under Rule 60(b) must be made within a year after the entry of the judgment. Here, plaintiff filed the motion nearly two years after the entry of judgment. Thus, plaintiff is not entitled to relief under Rule 60(b).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to reopen (ECF No. 17) is denied.

Dated: November 8, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner Civil Rights/torl1554.reopen